UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 14-22680-CIV-SEITZ

DARRYL RICHARDSON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER AFFIRMING AND ADOPTING MAGISTRATE'S REPORT, DENYING PETITION, AND DENYING CERTIFICATE OF APPEALABILITY

This matter is before the Court on Petitioner Darryl Richardson's third habeas challenge to his conviction and 360-month sentence for conspiring to distribute cocaine. *See United States v. Richardson*, 532 F.3d 1279 (11th Cir. 2008) (affirming his conviction and sentence), *cert. denied*, 555 U.S. 1120 (2009); *Richardson v. United States*, 556 Fed. Appx. 851 (11th Cir. 2014) (affirming the denial of his first petition); *Richardson v. FCI Miami*, No. 14-20063-CIV, 2014 WL 4101216 (S.D. Fla. Aug. 14, 2014) (dismissing his second petition as successive). District courts cannot hear successive habeas petitions unless the petitioner first obtains leave from the Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). He has not obtained leave, and so, as Magistrate Judge White concluded [DE-6], this Court must dismiss his petition for lack of jurisdiction.

Richardson has objected to this conclusion, arguing that his petition is not successive because it is based on previously unavailable information: a July 30, 2013 letter from the United States Probation Office admitting that his Presentence Investigation Report ("PSI") mischaracterized his prior conviction in Georgia state court in 1996. [DE-1 at 13–15.] If the PSI had been correct, Richardson's sentencing guidelines range would have been 324 to 405 months instead of 360 months to life.

According to Richardson, the Probation Office's letter is a new "fact[] supporting the claim" under section 2255(f)(4),[1] which, under *Johnson v. United States*, 544 U.S. 295 (2005), triggers a fresh one-year habeas limitations period. Richardson further points to *Stewart v. United States*, 646 F.3d 856, 858 (11th Cir. 2011), which held that a second habeas petition raising a *Johnson* claim was not successive. [DE-7.] So Richardson argues he is entitled to be resentenced on the basis of a corrected PSI.

Having carefully reviewed the record *de novo*, the Court agrees with Judge White's recommendation and will dismiss the petition as successive. Richardson's objection is overruled because the "fact[] supporting the claim" is Richardson's 1996 Georgia conviction itself, which has not changed since his sentencing. The Probation Office's letter simply reflects a review of documentation from that conviction— documentation that Richardson could have provided, at the latest, in his first habeas proceeding.[2] This is entirely unlike *Johnson* and *Stewart*, in which (1) the "fact[] supporting the claim" in each case was the vacatur of a predicate conviction and (2) the petitioners could not have brought their claims until after those prior convictions had been vacated. At most the Probation Office's letter is newly discovered evidence, and as Magistrate Judge White noted, the newly-discovered-evidence exception does not apply to sentencing claims. *See In re Dean*, 341 F.3d 1247 (11th Cir. 2003). So Richardson's petition is successive, and this Court lacks jurisdiction to hear it.

---

[1] Section 2255 petitions are subject to a one-year statute of limitations which begins to run on the last of four alternate dates, one of which is "the date on which the facts supporting the claim . . . could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4).

[2] In fact, in affirming the denial of his first habeas petition, the Eleventh Circuit determined that there was no ineffective assistance in his counsel's failure to provide court documents from his 1996 Georgia conviction. *Richardson v. United States*, 556 Fed. Appx. 851, 853 (11th Cir. 2014).

No certificate of appealability is warranted because Richardson has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented here are adequate to deserve encouragement to proceed further." *Jones v. Sec'y, Dep't of Corr.*, 607 F.3d 1346, 1349 (11th Cir. 2010). Richardson has made no such showing because his petition is plainly successive. If he intends to proceed with this case, he should apply for authorization to the Court of Appeals for the Eleventh Circuit using the form provided. [*See* DE-6-1.]

Accordingly, it is hereby

ORDERED that

1) The Report of Magistrate Judge [DE-6] is AFFIRMED and ADOPTED and incorporated by reference into this Order, except that each reference in the text to "14-CV-22680-MORENO" (in Part I, at the top of page 3, and in the middle of page 4) should be replaced with "14-CV-20063-MORENO."

2) Richardson's objection [DE-7] is OVERRULED. The petition for a writ of habeas corpus [DE-1] is DISMISSED WITH PREJUDICE.

3) A certificate of appealability is DENIED WITH PREJUDICE.

4) This case is CLOSED.

DONE AND ORDERED in Miami, Florida, this 4th day of November, 2014.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Magistrate Judge White